IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Action Nos. 5:08CR22-02,
                                                            5:08CR22-04,
GERALD ADAMS, III, a/k/a Gerry,                  5:08CR22-05,
SHAREEK COLSON, a/k/a Smith,                   5:08CR22-07,
THOMAS MACNEILL, a/k/a Tommy,             5:08CR22-11
SHATIA J'NAE JETT, and
CRAIG OWENS,

    Defendants.

## ORDER ON PRE-TRIAL MOTIONS

**Order Denying Motions for Grand Jury Transcripts, Granting in Part and Denying in Part Motions for Leave to File Additional Motions and Joinder in Co-Defendant's Motions, Denying Motion for Bill of Particulars, Denying Motions for Relief From Prejudicial Joinder and Severance of Offenses, Granting Motion to Withdraw as Attorney, and Continuing Hearing on Motion to Suppress Statements**

I. Introduction

    A.    Background

These are five of eleven Defendants in a twenty-two count plus forfeiture allegation indictment charging offenses related to distribution of heroin.

    B.    The Motions

        1.    Motion for Disclosure of Grand Jury Testimony.[1]

        2.    Motion for Disclosure of Grand Jury Testimony.[2]

---

[1] Doc. No. 148.

[2] Doc. No. 157.

3. Motion for Leave to File Additional Motions.³

4. Motion for Leave to File Additional Motions.⁴

5. Motion for Leave to File Additional Motions.⁵

6. Motion for Leave to Join in the Relief Accorded to Co-defendants by Their Motions.⁶

7. Motion for Joinder in Motion of Co-defendants.⁷

8. Motion for Joinder to Permit Defendant to Join in Co-defendants' Motions.⁸

9. Motion for Joinder in Motions of Co-defendants.⁹

10. Motion for Bill of Particulars.¹⁰

11. Motion for Relief from Prejudicial Joinder.¹¹

12. Motion to Withdraw as Attorney.¹²

---

³ Doc. No. 149.

⁴ Doc. No. 155.

⁵ Doc. No. 159.

⁶ Doc. No. 146.

⁷ Doc. No. 150.

⁸ Doc. No. 154.

⁹ Doc. No. 161.

¹⁰ Doc. No. 156.

¹¹ Doc. No. 158.

¹² Doc. No. 166.

13. Motion for Severance of Offenses.[13]

14. Motion to Suppress Statement of Defendant.[14]

## II. Facts

There was no testimony or other evidence offered in support of or opposition to any of the motions.

## III. The Motions

1. The Motions for Grand Jury Testimony.

There is a three-part test to determine whether a case is sufficiently exceptional to warrant disclosure. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). There may be disclosure if: 1) the materials are needed to avoid an injustice in another legal proceeding; 2) the need for disclosure is greater than the need for continued secrecy; and 3) the request is structured to cover only the material needed. Id. The person seeking the disclosure has the burden of demonstrating a particularized need for the material. United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983). The Government represented it will comply with the Court's scheduling order to release Jenck's Act material two weeks before trial and may even seek earlier release by the Court. Therefore, neither Defendant can demonstrate a particularized need in this case. Motion for Disclosure of Grand Jury Testimony[15] and Motion for Disclosure of Grand Jury Transcripts[16] are **DENIED**.

---

[13] Doc. No. 162.

[14] Doc. No. 147.

[15] Doc. No. 148.

[16] Doc. No. 157.

2. The Motions for Leave to File Additional Motions.

If the information which forms the basis for the motion was not available at the time motions were due, Defendant may file additional motions within one week of receiving the new information but in no event within seven days prior to the scheduled trial. If the information which forms the basis for the motion was available at the time motions were due, Defendant may not file additional motions. Motions[17] **GRANTED IN PART AND DENIED IN PART**.

3. The Motions to Adopt Motions of Co-Defendants

Any Defendant may adopt the motion of a co-defendant by filing a one page motion specifying the specific motion or motions of a co-defendant which he or she wishes to adopt within fourteen (14) days of the date of this order. Motions[18] are **GRANTED**.

4. Motion for Bill of Particulars

Defendant MacNeill seeks a Bill of Particulars seeking more specific information about Defendant's role in the conspiracy. A Bill of Particulars is appropriate when the Government has failed to provide a Defendant sufficient information to prepare for trial, avoid surprise and avoid double jeopardy. United States v. American Waste Fibers Co., 809 F.2d 1044, 1047 (4th Cir. 1987).

In this case, the Government has provided discovery. In addition, the scheduling order requires the Government to provide witness and exhibit lists. Finally, the Government indicates it will comply with the Court's request and provide Jenck's material prior to trial.

---

[17] Doc. Nos. 149, 155, and 159.

[18] Doc. Nos. 146, 150, 154, and 161.

Although not a complete open file policy, the Government's disclosures are more than sufficient for the Defendant to prepare for trial, avoid surprise and avoid double jeopardy. Motion[19] **DENIED**.

5. <u>Motion for Relief From Prejudicial Joinder and Motion for Severance of Offenses</u>. Defendant MacNeill contends that his minor role in the indictment subjects him to prejudice if he is tried with co-defendants who have a major role in the indictment. Defendant MacNeill further contends he may need to call co-defendants as witnesses on his behalf.

Fed. R. Crim. P. 8(b) provides that Defendants may be charged in the same indictment if they are alleged to have participated in the same series of acts constituting an offense. Except in exceptional circumstances, defendants charged together should be tried together. <u>United States v. Brugman</u>, 655 F.2d 540, 542 (4th Cir. 1981). This applies to conspiracy charges. <u>Zafiro v. United States</u>, 506 U.S. 537, 537-38 (1993). There is no right to severance because the evidence is stronger against one defendant than another, <u>United States v. Harris</u>, 498 F.3d 278, 291-92 (4th Cir. 2007) or because of an asserted need for a co-defendant's testimony without establishing that co-defendant will testify and waive his Fifth Amendment privilege. <u>Id.</u> Defendant has not met his burden for severance. Motions[20] **DENIED**.

6. <u>Motion to Withdraw</u>

Defendant Owens requests new counsel because his lawyer represents one Alexander in state court. Alexander is also a defendant in this court in another case. The Government advised

---

[19] Doc. No. 156.

[20] Doc. Nos. 158 & 162.

Alexander is a likely witness in this case. This constitutes a conflict of interest. Motion to Withdraw[21] **GRANTED**.

      7.    <u>Motion to Suppress Statements</u>

The evidentiary hearing on this motion is **CONTINUED** until **July 7, 2008, at 10:00 a.m.**, in the Magistrate Judge Courtroom, Room 433, United States Courthouse, Twelfth and Chapline Streets, Wheeling, West Virginia.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 5, 2008

                    /s/ *James E. Seibert*
                    JAMES E. SEIBERT
                    UNITED STATES MAGISTRATE JUDGE

---

[21] Doc. No. 166.